**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

SHINEQUA GRIFFY, on behalf of
herself and all others similarly situated,

    Plaintiff,

    v.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: N19C-12-223 EMD CCLD

Submitted: May 4, 2020
Decided: July 13, 2020

*Upon Defendant's Motion to Dismiss*
***GRANTED***

John S. Spadaro, Esquire, John Sheehan Spadaro, LCC, Smyrna, Delaware. *Attorneys for Plaintiff Shinequa Griffy.*

Lisa Z. Brown, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware. *Attorneys for Defendant USAA Casualty Insurance Company.*

**DAVIS, J.**

## I.  INTRODUCTION

This dispute is assigned to the Complex Commercial Litigation Division of the Court. On September 28, 2019, Plaintiff Shinequa Griffy filed suit against Defendant USAA Casualty Insurance Company ("USAA"). This civil action relates to USAA's purported improper methodology for calculating statutory interest under 21 *Del. C.* § 2118B. In her Complaint, Ms. Griffy alleges that USAA incorrectly calculates interest accrual periods and contends that "[s]o

long as the required statutory interest remains unpaid, [even when the principal amount owed in PIP benefits has been paid,] such interest continues to accrue."[1]

On or about November 25, 2019, USAA filed Defendant's Motion to Dismiss (the "Motion"). Ms. Griffy filed Plaintiff Shinequa Griffy's Opposition to USAA's Motion to Dismiss (the "Opposition") on January 17, 2020. USAA then filed its Defendant's Reply in Support of Motion to Dismiss (the "Reply") on February 6, 2020. The Court held a hearing on the Motion, the Opposition and the Reply on May 4, 2020. At the conclusion of the hearing, the Court took the Motion under advisement.

After consideration of the Motion, the Opposition, the Reply, the arguments made at the hearing and the entire record of this civil action, the Court will **GRANT** the Motion for the reasons set forth below.

## II. BACKGROUND[2]

### A. PARTIES

Ms. Griffy is a citizen of Delaware. Ms. Griffy is a policyholder of a Delaware automobile insurance policy issued by USAA.[3] According to the papers filed in this civil action and representations made at the hearing, Ms. Griffy has not filed a PIP benefits claim with USAA through her policy.

USAA is a Texas corporation located in San Antonio. USAA is engaged in the business of insurance and regularly sells automobile insurance within the State of Delaware.[4]

---

[1] Compl. at ¶ 14.
[2] Unless otherwise indicated, the following are the facts as alleged in the Complaint. For purposes of the Motion, the Court must view all well-pleaded facts alleged in the Complaint as true and in a light most favorable to Ms. Griffy. *See, e.g., Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[3] Compl. at ¶ 3.
[4] *Id*. at ¶ 4

## B. APPLICABLE STATUTES

Delaware's PIP statute is set out in 21 *Del. C.* § 2118 ("Section 2118"). Ms. Griffy relies upon Section 2118, and related statutes, as the framework for Count I of her Complaint. Ms. Griffy uses Section 2118 to try and show that she and those in the proposed class are owed monetary damages by USAA. Count II is a claim for punitive damages.

Section 2118B(c) provides that covered claims must be (i) paid within 30 days of the insurer's receipt of the claim, or (ii) disputed with an accompanying written explanation. If an insurer fails to do so, Section 2118B(c) dictates that the amount of unpaid benefits owed by the insurer to the claimant shall increase by specified rates dependent upon the amount of time that has passed. Section 2118B(c) states as follows:

> (c) When an insurer receives a written request for payment of a claim for benefits pursuant to § 2118(a)(2) of this title, the insurer shall promptly process the claim and shall, no later than 30 days following the insurer's receipt of said written request for first-party insurance benefits and documentation that the treatment or expense is compensable pursuant to § 2118(a) of this title, make payment of the amount of claimed benefits that are due to the claimant or, if said claim is wholly or partly denied, provide the claimant with a written explanation of the reasons for such denial. **If an insurer fails to comply with the provisions of this subsection, then the amount of unpaid benefits due from the insurer to the claimant shall be increased at the monthly rate of:**
>
> > (1) One and one-half percent from the thirty-first day through the sixtieth day; and
> >
> > (2) Two percent from the sixty-first day through the one hundred and twentieth day; and
> >
> > (3) Two and one-half percent after the one hundred and twenty-first day.[5]

As such, insurers have a statutory obligation to pay an increased amount of "unpaid benefits" for any failure to comply with the provisions of Section 2118B(c).

---

[5] 21 *Del. C.* § 2118B(c) (emphasis added).

3

In her Complaint, Ms. Griffy alleges that USAA's methodology for calculating statutory interest under Section 2118B is wrongful.[6] Ms. Griffy asserts that USAA incorrectly terminates the accrual of interest on a claim when it pays the principal amount owed on a bill.[7] Ms. Griffy contends that such interest continues to accrue until the full amount of the bill is paid, which includes the amount of interest.[8] Ms. Griffy states that this is true even if USAA fails to pay the required statutory interest until a later date.[9]

Ms. Griffy does not, however, set out an actual factual circumstance when she submitted a claim to USAA and the subsequent treatment of that claim. Moreover, Ms. Griffy fails to allege any other actual claim that has been handled by USAA. Instead, Ms. Griffy pleads a hypothetical. Specifically, Ms. Griffy alleges:

> By way of illustration, *if we suppose that*:
>
> a. On June 1, 2018, USAA received a PIP-related medical bill that was covered by its policy (for purposes of section 2118B), and therefore payable no later than July 1, 2018; and
>
> b. USAA failed to pay the bill until August 1, 2018; and
>
> c. USAA failed to pay the required statutory interest at the time it paid the bill; and
>
> d. USAA did not in fact pay statutory interest on the bill until August 1, 2019; then —
>
> under this scenario, USAA would (wrongly) pay only the statutory interest that accrued during the period July 1, 2018 through August 1, 2018, treating the accrual of statutory interest as having ended on the latter date, even though it failed to pay that statutory interest for another whole year.[10]

Ms. Griffy claims that this methodology is wrong because—

---

[6] *Id.* at ¶¶ 12-15.
[7] *Id.* at ¶ 12.
[8] *Id.* at ¶ 14.
[9] *Id.*
[10] *Id.* at ¶ 13 (emphasis added).

USAA can only (lawfully) bring the accrual of such interest to an end by paying ***both*** the principal amount owed in PIP benefits ***and*** the required statutory interest.[11]

Ms. Griffy then contends that USAA has employed this methodology for calculating statutory interest, and has done so on multiple occasions.[12]

### III. PARTIES' CONTENTIONS

#### A. Motion[13]

USAA argues that: (i)"[t]here is no legal basis for [Ms. Griffy's] theory of interest" because, according to the statute, only the amount of unpaid benefits increases; (ii) "[Ms. Griffy] has not stated a claim for bad-faith breach of contract" because she does not "allege [USAA] breached the policy by incorrectly calculating interest due [to] her" or that she is owed interest at all; and (iii) "[Ms. Griffy's] claim for a Declaratory Judgment is also legally invalid" because it is "duplicative of [Ms. Griffy's] bad-faith claim" and "there is no actual controversy that is ripe for declaratory relief." "[Ms. Griffy] cannot seek a declaration to resolve a nonexistent controversy."

#### B. Opposition[14]

Ms. Griffy argues that: (i) USAA's construction of 2118B should be rejected, the prevailing convention is that interest accrues until paid; and (ii) Ms. Griffy has standing under *Clark* and other authorities.

### IV. STANDARD OF REVIEW

Upon a motion to dismiss, the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only

---

[11] Id. at ¶ 14 (emphasis in original).
[12] *Id.*
[13] *See* Def.'s Mot. to Dismiss.
[14] *See* Pl.'s Opp. to Def.'s Mot. to Dismiss.

dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[15] However, the court must "ignore conclusory allegations that lack specific supporting factual allegations."[16]

## V. DISCUSSION

Ms. Griffy is a natural Delaware resident and policyholder of a Delaware automobile insurance policy issued by USAA. Ms. Griffy, through the Complaint, seeks a declaration as to her rights under her policy and for bad-faith breach of contract. However, neither the Complaint nor the briefing include facts, which show that an actual controversy exists between Ms. Griffy and USAA. Ms. Griffy does not allege that she has made a claim, or that she submitted a claim that has been denied or untimely paid. Moreover, Ms. Griffy has not plead that USAA has sent a letter saying that it will not pay on a PIP benefits claim if one were made.

Rather, it appears as if Ms. Griffy seeks a declaration on rights that may, or may not, be at issue if she were to assert a claim for PIP benefits and the claim were not paid on time. Ms. Griffy, therefore, makes her argument based on a hypothetical and future injury that may occur under USAA's purported pattern of calculating the amount owed on a PIP benefits claim. However, without an injury, or risk of injury, there is no justiciable controversy.[17] As such, the Court finds that Ms. Giffy lacks standing. Ms. Griffy, and the yet to be determined class, cannot

---

[15] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* No. 09C-09-136, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[16] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).
[17] *See Clark v. State Farm Mut. Automobile Ins. Co.*, 2015 WL 1518662, at *3-4 (Del. Super. March 30, 2015), *aff'd on other grounds*, 131 A.2d 806 (Del. 2016); *Myers v. Travelers Commercial Ins. Co.*, 2015 WL 351953, at *1 (Del. Super. Jan. 26, 2015), *appeal voluntarily dismissed*, No. 48, 2015 (Del. 2015). *See also Spine Care Del., LLC v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 1462226, at *1 (D. Del. Mar. 23, 2018). ("Our limited jurisdiction does not include resolving hypothetical disputes against insurance companies as a matter of public policy. We resolve claims of concrete injury filed by persons allegedly suffering an injury caused by the insurer… But the person filing the claim must still plead how the opposing party caused the injury. It cannot be a public policy hypothetical seeking to correct a pattern of conduct without an injured party.").

6

seek to correct an alleged pattern of conduct without an injured party.[18] Further, without an

actual injury, the Court is at unsure how Ms. Griffy can demonstrate the class certification

requirements of class representative and commonality on the basis of a hypothetical injury.

This Court has held that the lack of an actual controversy will act as a bar to a party

proceeding with a case requesting only declaratory relief.[19] The Court must be satisfied that the

following four requirements are met in order for there to be an actual controversy:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between the parties whose interests are real and adverse; and (4) the issue involved in the controversy must be ripe for judicial determination.[20]

As stated by the Supreme Court, "Delaware courts [will] decline to exercise jurisdiction

over a case unless the underlying controversy is ripe...."[21] An action for declaratory relief is not

ripe if the party seeks an advisory or hypothetical opinion.[22] Delaware courts do not issue

advisory or hypothetical opinions.[23] "The underlying purpose of [the ripeness] principle is to

conserve judicial resources and to avoid rendering a legally binding decision that could result in

premature and possibly unsound lawmaking."[24]

In addressing ripeness, the Court will undertake "a common sense assessment of whether

the interests of the party seeking immediate relief outweigh the concerns of the court in

postponing review until the question arises in some more concrete and final form."[25] The Court

---

[18] *See Spine Care Del., LLC v. State Farm,* 2018 WL 1462226 at *1.
[19] *See e.g., Clark*, 2015 WL 1518662, at *3; *see also XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1216 (Del. 2014).
[20] *XI Specialty Ins. Co*, 93 A.3d at 1217 (citing to *Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 479-80 (Del. 1989).
[21] *Id*.
[22] *Id*.
[23] *Id*.
[24] *Id. See also Clark*, 2015 WL 1518662, at *3 n.34.
[25] *XI Specialty Ins. Co.*, 93 A.2d at 1217.

of Chancery, in *Schick Inc. v. Amalgamated Clothing & Textile Workers Union*,[26] identified five factors to help guide Delaware courts in determining whether a matter is ripe for adjudication: (i) a practical evaluation of the legitimate interests of the plaintiff in a prompt resolution of the question presented; (ii) the hardship that further delay may threaten; (iii) the prospect of future factual development that might affect the determination made; (iv) the need to conserve scarce resources; and (v) a due respect for identifiable policies of law touching upon the subject matter in dispute.  Put more simply—a dispute will be deemed ripe if litigation appears to be unavoidable and where the material facts are fixed, whereas a dispute will be deemed not ripe when the dispute is based on uncertain and contingent events that may not occur, or where future events may forestall the need for judicial intervention.[27]

In order to assert a proper claim for declaratory relief, a party must allege facts that show the existence of a situation that gives rise to immediate or imminent controversy between the parties.[28]  The party seeking declaratory relief must show that the failure to resolve the controversy will have an immediate and practical impact upon the complaining party.[29]  Even though a party has not yet suffered actual harm, "an actual controversy must exist so that judicial resources are not wasted on hypothetical disputes or on situations in which a judicial declaration will not end the dispute between the parties."[30]

The Court finds that Ms. Griffy has not asserted a claim that is ripe for judicial review. The Court makes this determination because Ms. Griffy has not plead facts showing an immediate or imminent controversy between her and USAA.

---

[26] 533 A.2d 1239, 1239 (Del. Ch.1987).
[27] *See Clark*, 2015 WL 1518662, at *4.
[28] *Id.  See also Hoechst Celanese Corp. v. Nat'l Union First Ins. Co.*, 623 A.2d 1133, 1137 (Del. Super. 1992).
[29] *See Clark*, 2015 WL 1518662, at *4.
[30] *Hoechst Celanese Corp.*, 623 A.2d at 1137.

8

While Ms. Griffy contends that USAA may wrongfully calculate statutory interest under Section 2118B, Ms. Griffy has not submitted a claim for PIP benefits to USAA for payment. Ms. Griffy alleges a hypothetical, or illustration, of a situation but that hypothetical has too many unfixed facts. First, the hypothetical assumes that Ms. Griffy submits a claim for PIP benefits. Second, the claim must be one that has is undisputable. Third, USAA must pay the claim outside of thirty days. Fourth, USAA must fail to pay the Section 2118B(c) interest at the time it pays the claim. Finally, USAA must pay the Section 2118B(c) interest as some later date.

This hypothetical proves faulty if even one of the facts differs. For example, Ms. Griffy may never make a claim for PIP benefits. Mr. Griffy may submit a PIP benefits claims that is invalid in part or in full. USAA may pay the claim within the first thirty days and, therefore, no interest will be due under Section 2118B(c). USAA might pay the entire claim plus Section 2118B(c) interest at one time. The reality is that the Complaint alleges a dispute that is based on uncertain and contingent events that may not occur or future events that may forestall the need for judicial intervention. As such, Ms. Griffy's claims are not ripe for adjudication.

Ms. Griffy also raises arguments (redudiation and alike) that were addressed and rejected by the Court in *Clark v. State Farm Mutual Automobile Insurance Co.* and *Myers v. Travelers Commercial Insurance Company*.[31] In *Clark* and *Myers,* the plaintiffs argued that their claims were ripe due to repudiation and/or diminution of the policy due because the insurer could possibly use a calculation method in violation of Section 2118B. The Court noted that "[u]nder Delaware law, repudiation is an outright refusal by a party to perform a contract or its conditions entitling the other contracting party to treat the contract as rescinded."[32] The Complaint does not allege facts that constitute repudiation.

---

[31] *See Clark*, 2015 WL 1518662, at *4-5; *Myers,* 2015 WL 351953, at *1-2.
[32] *Myers*, 2015 WL 351953, at *2; *see also Clark*, 2015 WL 1518662, at *5.

## VI.    CONCLUSION

For the reasons stated above, the Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Dated: July 13, 2020
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc: File&ServeXpress

11